WILSON, Executor, *v.* MRS. EARLY et als.—ON A RE-HEARING.

Where it is attempted to prove an acknowledgment, made by the representative of a deceased person, of a debt contracted by said deceased, the proof should be direct and unambiguous. The Code of Practice has prescribed how such proof may be made, and those who do not adopt that mode should not complain if they are required to adduce proof of strict legal certainty.

APPEAL from the Second District Court of New Orleans, *Thomas*, J. *Buchanan & Gilmore*, for plaintiff. *Fellows & Mills*, for defendants and appellants.

HOWELL, J. On the rehearing granted in this case, we are asked to reconsider the point upon which our former decision principally rested, to wit: that the acknowledgment of the debt, or creditor's right, had not been made in writing, as required by the 985th Article C. P., and consequently, no interruption of prescription shown. The case of the *Succession of Dubreuil*, 12 R. 511, quoted in our first opinion, we are now satisfied, does not establish the doctrine that an acknowledgment by an administrator can be made only in writing, it simply decided that an acknowledgment in such form is an *interruption* and not a *suspension* of prescription, as was urged.

It is contended by counsel for plaintiff, that Article 985 C. P. is not exclusive of other modes of acknowledgement by an administrator, and that Mrs. Sullivan, being not only administratrix, but widow in community, and entitled under the law to one-half the property of her husband's succession, as owner, and to the other half as usufructuary, her power to make an acknowledgment that will interrupt prescription is not limited by the rules governing administrators ordinarily.

We deem it unnecessary to settle either of these questions at this time, as we think the evidence in this case is insufficient to establish an inter-

ruption in any form.	The relation of conversations between parties is held to be weak evidence, generally; but here, we have but one witness, who states in a confused and unsatisfactory manner, a conversation between the administratrix of an alleged debtor with his alleged creditor, who is now dead, and gives only what, he says, was understood at the time. The expressions, as detailed by this witness, are wholly deficient in certainty as to time, nature of the debt, amount due or promise to pay. They do not show an unequivocal acknowledgment of the debt in question.	No note was exhibited or described.

When it is attempted to prove an acknowledgment made by the representative of a deceased person, of a debt contracted by said deceased, the proof should be direct and unambiguous.	The Code of Practice has prescribed how such proof may be made, and those who do not adopt that mode, should not complain if they are required to adduce proof of strict legal certainty.

The interruption of the prescription pleaded in this case, is not satisfactorily shown.

It is therefore ordered that the decree heretofore rendered by us in this case remain undisturbed.